I respectfully dissent from the majority's decision. I find that the trial court abused its discretion in allocating the transportation costs of visitation between the mother and father.
In this case, the trial court granted the following visitation to the father: six weeks in the summer, one week at Christmas, and every other Easter break. The trial court then ordered the parties to split the cost of transporting the children for visitation. When the mother complained about the cost of transportation, the court ordered the father to pay for the entire Easter break trip and for the parties to split the summer and Christmas trips.
The standard of review for this case is abuse of discretion, which has been defined as "` * * * more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219 (citations omitted). The majority found that the trial court did not abuse its discretion when allocating the transportation costs because it considered the mother's argument that she is a homemaker and assigned the complete cost of the Easter trip to the father. The majority also found that the trial court did not abuse its discretion because the mother did not demonstrate how a review of the child support worksheet would have resulted in a different outcome.
I find Rayner v. Rayner (June 29, 1994), Montgomery App. No. 14011, unreported, to be persuasive in this matter. In that case, the Second Appellate District found that a court might reallocate economic burdens such as transportation costs, but that "[t]here is no statute that specifically authorizes the court to decide who shall be responsible for paying the costs of visitation." Transportation expenses are mentioned in R.C. 3113.215(B)(3)(d) as something the trial court can consider when deciding whether to deviate from the child support schedule. The court in Rayner
found that "[t]he court's authority to reallocate expenses related to the children typically inheres in the statutes governing child support, and we see no reason to treat visitation expenses differently." The court continued by stating:
 This position is buttressed by the fact that though child support is primarily to ensure that the children are able to live at a standard approximating what they would have enjoyed had the marriage continued, it also provides a means of allocating expenses associated with child rearing between the two parents in an equitable way. Use of the statutory guidelines outlined in R.C. 3113.215 is best calculated to guarantee that the costs of child rearing, including transportation costs, are divided between the parents equitably. In concluding, the Rayner court stated that the trial court had no authority to reallocate transportation expenses without first requiring both parties to complete a child support calculation worksheet pursuant to R.C. 3113.215. In its opinion, the Rayner court found that the economic burdens associated with long distance transportation costs are grounded in R.C. 3113.215, not in R.C. 3109.051, the statute authorized the court to make visitation orders.
I agree with this rationale. Specifically, I find that the trial court is required to consider the parties' economic situation prior to allocating transportation costs. In the present case, it appears that the trial court only had a limited knowledge of the financial conditions of the parties. Although a child support worksheet had been recently completed by the child support agency, there was no evidence that the trial court reviewed the new child support calculations when it allocated the transportation expenses. There was also no evidence that the transportation expenses were considered in the child support worksheet. In fact, from a review of the record, it appears that the trial court randomly allocated that transportation costs to the parties. Accordingly, the trial court abused its discretion in allocating the transportation costs to each party without considering any economic evidence. Thus, the trial court made an arbitrary decision that this Court should reverse. Accordingly, I would reverse and remand this matter.